Dear Representative Hudson:
I am in receipt of your request for an Attorney General's opinion wherein you ask the following:
 Can a St. Landry Parish School Board Member who is a Certified Educator also be employed by St. Landry Charter School, which is a Type II Charter School?
The Louisiana Dual Office-Holding and Dual-Employment Laws, LSA-R.S. 42:61, et seq., govern the legality of the concurrent holding of certain positions. "Elective office" is defined in LSA-R.S. 42:62(1) as:
 "Elective office" means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office, and which is filled by vote of the citizens of this state or of a political subdivision thereof.
 "Employment" is defined in LSA-R.S. 42:62(3) as:
 "Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
A school board member clearly holds an elective office as defined in LSA-R.S. 42:62(1). However, the position as an employee of a type II charter school does not meet the definition of "employment" as defined in LSA-R.S. 42:62(3). As discussed in LSA-R.S. 17:3991(A)(1)(a) concerning charter schools:
 Except for a type 4 charter school, a charter school approved and established in accordance with the provisions of this Chapter shall be organized as a nonprofit corporation under applicable state and federal laws.
LSA-R.S. 17:3997A(1)(a) (b) state the following concerning charter school employees:
 (1)(a) The governing authority of any charter school may employ such faculty and staff members as it deems necessary, and all employees of the charter school shall be deemed to be employees of the nonprofit organization.
 (b) The nonprofit organization shall have exclusive authority over all employment decisions at the charter school.
Since this working arrangement with a charter school which is a nonprofit corporation does not constitute "employment" with the state or a political subdivision, none of the prohibitions found in LSA-R.S. 42:63 are at issue. Additionally, LSA-R.S.42:64 which deals with incompatible offices does not apply.
In Attorney General Opinion No. 88-618, our office opined that a working relationship with a non-profit corporation created by the City of Baton Rouge and the Parish of East Baton Rouge does not constitute "employment" as defined in LSA-R.S. 42:62(3). Therefore, a St. Landry Parish School Board member who is a certified educator may also be employed by St. Landry Charter School.
Our office would advise you to seek an opinion from the Ethics Commission for any ethical concerns they may have pertaining to this situation.
I hope this opinion has sufficiently addressed your concerns. If I can be of further assistance please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL